## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCISCO ZEPEDA, | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-818-MAB |
| WEXFORD HEALTH SOURCES, INC., CHRISTINE BROWN, CHRISTEL CROW, JANE DOE NURSE, and JOHN DOE OFFICER, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Francisco Zepeda, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Zepeda's Complaint was dismissed without prejudice for failure to state a claim and he was granted leave to file an amended pleading (Doc. 9). In the Amended Complaint (Doc. 10), Zepeda alleges that the defendants improperly confiscated and delayed the return of his CPAP machine, in violation of the Eighth Amendment. He also alleges claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Zepeda makes the following allegations: Zepeda suffers from sleep apnea and uses a CPAP machine to breath at night (Doc. 10, p. 3). On January 28, 2022, Zepeda tested positive for Covid-19, a respiratory disease (*Id.*). On January 29, 2022, Jane Doe Nurse and John Doe Correctional Officer came to Zepeda's cell and confiscated his CPAP machine. Although Zepeda indicated that he needed the CPAP machine to help him breath while suffering with Covid-19, Jane Doe Nurse insisted that the CPAP machine had to be confiscated for 21-days due to Zepeda's Covid-19 diagnosis (*Id.* at pp. 3-4). Zepeda tried to explain that he was single-celled, and the machine would not pose a risk to anyone else, but John Doe Correctional Officer interrupted with a direct order to hand over the machine (*Id.* at p. 4). Zepeda alleges that defendants believed that Covid-19 made the CPAP machines unsafe, but he alleges there is no proof that the machines are unsafe for single-celled inmates (*Id.*).

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

On February 7, 2022, Zepeda requested pain medication for the severe headaches he developed as a result of lacking access to his CPAP machine (*Id*. at p. 4). On February 23, 2022, he spoke to a nurse and requested the return of his CPAP machine because the 21-day deadline had passed (*Id*.). Also on February 23, Zepeda's wife called and spoke with Christine Brown, the healthcare unit administrator and ADA coordinator (*Id*.). She inquired as to whether Zepeda could have his CPAP machine returned because he was suffering from pitting edema, headaches, fatigue, and increased hypertension (*Id*.). Brown informed Zepeda's spouse that the prison was in the process of returning all confiscated CPAP machines (*Id*.).

On March 3, 2022, another inmate informed Zepeda that the inmate had already received his CPAP machine from officials (*Id*.). But a note in Zepeda's medical file from the same date indicates that per Christine Brown, she was unable to locate Zepeda's CPAP machine in storage and Wexford would provide a replacement. Zepeda alleges that Wexford requires all medical equipment requests to go through a collegial review/approval process which delayed the receipt of his CPAP machine (*Id*.). On March 10, 2022, Zepeda sent a request slip to the healthcare unit inquiring about his CPAP machine (*Id*. at p. 5). On March 11, 2022, a nurse informed Zepeda that the CPAP machine would have to be reissued to him.

On March 13, 2022, Zepeda sent a letter to Warden Crow informing her of his medical issues and his attempts to retrieve his CPAP machine. She did not respond to the letter (*Id*. at p. 5). On March 17, 2022, Zepeda spoke to counselor Shockley about his CPAP machine. On March 24, Shockley informed Zepeda that his CPAP machine was lost, and

a new machine was ordered (*Id.*). Zepeda subsequently filed a grievance. Brown responded to the grievance informing Zepeda that the machine was lost, and Wexford had to order a new CPAP machine (*Id.*). Zepeda later learned that the CPAP machine was not officially ordered until March 14, 2022. On May 17, 2022, he finally received his CPAP machine (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:**   **Eighth Amendment deliberate indifference claim against Jane Doe Nurse and John Doe Officer for initially confiscating Zepeda's CPAP machine.**

**Count 2:**   **Eighth Amendment deliberate indifference claim against Christine Brown for delaying the return of Zepeda's CPAP machine.**

**Count 3:**   **ADA and/or RA claim against defendants for the initial confiscation and the delay in returning Zepeda's CPAP machine.**

**Count 4:**   **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having policies and practices that led to the delays in returning Zepeda's CPAP machine.**

**Count 5:**   **Eighth Amendment deliberate indifference claim against Warden Christel Crow for failing to ensure that Zepeda received his CPAP machine.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Count 1

At this stage, Zepeda states a viable claim against Jane Doe Nurse and John Doe Correctional Officer. He alleges that these officials personally confiscated his CPAP machine despite Zepeda's pleas that the machine was necessary to alleviate his medical condition. To help identify the unknown nurse and correctional officer, the Court **ADDS** the current warden of Pinckneyville, John Barwick in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendants.

## Count 2

Zepeda alleges that Christine Brown should be liable as administrator of the healthcare unit, arguing that she bears responsibility for any misconduct he experienced (Doc. 10, p. 11). But a supervisor or high-ranking official cannot be liable simply in their position as a supervisor because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, Brown cannot be liable simply in her position as healthcare administrator.

However, Zepeda has alleged that Brown was aware of his medical condition and knew that his CPAP machine was missing as of March 3, but delayed ordering a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

replacement until March 14. He also alleges that she improperly went through the collegial review process which further delayed the ordering and receipt of his new CPAP machine. At this stage, the Court finds the allegations sufficient to state a deliberate indifference claim against Brown for her personal involvement in the ordering of Zepeda's CPAP machine.

## Count 3

Zepeda also adequately states a claim in Count 3 for violations of the ADA and/or RA. The claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA and RA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Latoya Hughes, the current IDOC Director, will be **ADDED** to the case, in her official capacity only, as the proper defendant for Zepeda's ADA and/or RA claim.

## Count 4

Zepeda also states a claim against Wexford. Wexford can only be liable if it had a policy or practice that caused the constitutional deprivation alleged in the pleading. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Zepeda points to the policy of confiscating all CPAP machines from those prisoners infected with Covid-19 as the basis for the loss of his CPAP machine. He also alleges that Wexford's policy and practice of

6

requiring requests for medical equipment to go through its collegial review process also delayed the return of his CPAP machine. Thus, Zepeda adequately states a claim against Wexford in Count 4.[3]

**Count 5**

Finally, as to Warden Crow, Zepeda alleges that he wrote her a letter informing her about his missing CPAP machine, thus putting her on notice of his need for medical care. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 767 (7th Cir. 2021). But Crow never responded to his letter and turned a blind eye to his requests for care (Doc. 10, pp. 5, 13). That is enough at this stage to state a claim against Warden Crow.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Jane Doe Nurse and John Doe Correctional Officer. Count 2 shall proceed against Christine Brown. Count 3 shall proceed against Latoya Hughes, in her official capacity. Count 4 shall proceed against Wexford Health Sources, Inc., and Count 5 shall proceed against Christel Crow. The current warden of Pinckneyville, John Barwick, is **ADDED** in his official capacity to help identify the unknown defendants.

The Clerk of Court shall prepare for Defendants Christine Brown, Christel Crow, Latoya Hughes (official capacity), and John Barwick (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of

---

[3] Zepeda also alleges that Wexford should be held liable as supervisors but "[r]espondeat superior liability does not apply to private corporations under §1983." *See Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014).

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Zepeda. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Zepeda, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Zepeda's claims involve his medical condition and medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Zepeda, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Zepeda is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: August 13, 2024**

                                          **/s/ Mark A. Beatty**
                                          **MARK A. BEATTY**
                                          **United States Magistrate Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**